Alan Engle (SBN 224779)
MEADOR & ENGLE
155 N. Riverview Dr., Suite 313
Anaheim Hills, CA 92808
Telephone: (310) 428-6985
Facsimile: (714) 386-5368
alan.engle@meenlegal.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Foster,<br><br>        Plaintiff,<br>    v.<br><br>Virgin Enterprises Limited and The Virgin Foundation,<br><br>        Defendants. | Case No.: 2:14-CV-04113<br><br>COMPLAINT FOR DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT AND REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Foster brings this Complaint against Virgin Enterprises Limited and The Virgin Foundation for damages and injunctive relief under the laws of the United States, as follows:

## JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, 17 U.S.C. §101, *et seq.* This Court has jurisdiction pursuant to 17 U.S.C. §501 and 28 U.S.C. §§1331 and 1338.

2. Venue is proper in this District pursuant to 28 U.S.C. §1400(a).

3. This Court has personal jurisdiction over defendants, which transact significant business in this District and have committed acts of infringement within this District.

## PARTIES

4. Plaintiff Daniel Foster is a U.S. citizen and professional photographer who currently resides in Berlin, Germany.

5. Defendant Virgin Enterprises Limited is a private limited company of the United Kingdom with its principal place of business in London, England.

6. Defendant The Virgin Foundation is a registered charity in the United Kingdom (#297540) with its principal place of business in London, England. The Virgin Foundation does business under the name "Virgin Unite" and is the non-profit foundation of the Virgin Group, the holding company associated with Virgin Enterprises.

7. On information and belief, Virgin Enterprises and the Virgin Group own, operate, or are associated of hundreds of different Virgin-related business entities. Exhibit 1 at 4, J. Weissman, "A Portrait of the Billionaire as a Young Tax Cheat," *Slate*, May 27, 2014 ("Today, the Virgin group is a vast warren of around 400 companies registered offshore (in places including, aptly, the Virgin Islands.)").

8. Virgin Enterprises Limited is the registered owner of Virgin.com, where

Virgin Unite maintains an internet presence and publishes material related to Virgin Group companies, Virgin's business and charitable work, and the philosophy and exploits of Sir Richard Branson, Virgin's founder. Exhibit 2, WhoIs Registration for Virgin.com.

9. On information and belief, Sir Richard Branson and Virgin Enterprises initially achieved success with Virgin Records, due in no small part to the protections offered by copyright law. *See generally* Exhibit 3, D. Runciman, "The Stuntman, Review of *Branson: Behind the Mask*," *London Review of Books*, March 2014. As of 2007, Virgin Group companies employed more than 50,000 staff in 29 countries and had worldwide revenues in excess of U.S. $20 billion.

## FACTUAL ALLEGATIONS

### The Infringed Work

10. Plaintiff Daniel Foster is a professional photographer and 2013 graduate of Louisiana State University who currently works in Berlin, Germany. Mr. Foster owns registered copyrights in a number of original photographic works, including "New York Stock Exchange," a copy of which is attached as Exhibit 4.

11. Attached as Exhibit 5 is a copy of the copyright registration for "New York Stock Exchange" and other works. The date of the registration for "New York Stock Exchange" is within three months of the initial publication of the work on February 2, 2013.

11. Many of Mr. Foster's copyrighted photographs, including "New York Stock Exchange," can be viewed at Flickr.com, a website where users can display images and specify the terms under which others may copy or use them. Relevant copyright information and the terms and conditions under which each image may be used are clearly displayed at Flickr.com. Exhibit 6 is a screenshot of "New York Stock Exchange" as it appears on Flickr.com, including information about the copyright holder and the conditions under which the image may be used. Specifically, the page identifies Mr. Foster as the copyright holder and notes "Some Rights Reserved" with

informational icons that link to the Creative Commons "Attribution-NonCommercial-ShareAlike 2.0 License" ("License"). The License, a copy of which is attached as Exhibit 7, permits use of the work provided, *inter alia*, that such use is non-commercial, attribution is provided to the original author, the use contains a link to the terms of the License, and others are permitted to use the work on similar terms.

12.  Additionally, the License provides that, "This License and the rights granted hereunder will terminate automatically upon any breach by You of the terms of this License." License at §7(a). And further, "You must include a copy of, or the Uniform Resource Identifier for, this License with every copy or phonorecord of the Work You distribute, publicly display, publicly perform, or publicly digitally perform." License at §4(a). Defendants never used "New York Stock Exchange" in a manner consistent with the conditions of the License, and thus defendants never acquired any License to use "New York Stock Exchange."

13.  The Flickr.com page for "New York Stock Exchange" also provides a link to the standardized Exif ("Exchangeable image file format") metadata embedded within the image, including the camera used, photographic settings, and copyright information. Exhibit 8, Exif screenshot.

**The Infringement**

14.  Virgin Enterprises Limited owns and operates the website www.virgin.com and the subdomain www.virgin.com/unite. The website contains numerous articles and other Virgin-related information under the subheadings: Home, Richard, News, Unite, Music, Travel, Entrepreneur, Our Story, and Disruptions. Exhibit 9, Virgin.com screenshot.

15.  On or about February 2014, an article entitled "The Purpose of Business is to Make a Difference in the World: 2/4" (the "Article") was published under the "Unite" section of Virgin.com at www.virgin.com/unite/leadership-and-advocacy/the-purpose-of-business-is-to-make-a-difference-in-the-world-24. Exhibit 10, April 8, 2014

1  printout of the Article.[1] The Article consists of an interview with Sir Richard Branson about his business philosophy under the heading, "[I]nterview with Japanese journalist Mayumi Yoshinari, where [Richard Branson] talks about his business model, diversity and how size matters."

16.  The Article includes three photographs: a background image of a tree in a field, a picture of Richard Branson, and Mr. Foster's copyrighted "New York Stock Exchange" photograph with text from the Article superimposed on it. The text states, "[Interviewer:] None of the companies have tried IPO. I mean, you tried once and decided not to because that didn't fit with the Virgin Group. So you don't intend to do IPO...? Richard: No. Individual Virgin companies, sometimes might float. Virgin Media, which is our cable company in the UK, is a public company, but the top company, we'll keep private. And I think you have a lot more freedom if you're a private company than a public company." Exhibit 11, Screenshot of "New York Stock Exchange" from the Article as published on Virgin.com. The photo (or collage) contains no identifying information, no attribution to Mr. Foster, no link to the License, nor any other information required as a condition of the License. Virgin's use therefore constitutes infringement of Mr. Foster's registered copyright.

17.  Additionally, while the Article is published under the "Unite" heading on Virgin.com, and thus presumably under the auspices of The Virgin Foundation, the content and context of the Article are such that it is basically a commercial advertisement for Virgin. Virgin has been identified as one of the world's top 100 brands, and, on information and belief, Virgin licenses hundreds of trademarks to various entities, trademarks whose value is based largely on Virgin's public perception and goodwill. The creation and dissemination of materials such as "The Purpose of Business is to Make a Difference in the World: 2/4" and the positive portrayal of Sir

---

[1] The printed version of the Article has minor formatting differences from the "dynamic" version displayed on the website.

1  Branson as a leading global figure and Virgin as a responsible, innovative corporate
2  citizen are core elements of Virgin's business strategy and financial success. They are
3  no less important to Virgin's bottom line than the system of intellectual property rights
4  that undergirds Virgin's ability to exploit the copyrighted works of others for profit, as
5  with Virgin Records, Virgin Books, or Virgin Media.
6      18.  Moreover, as Virgin Enterprises Limited owns and controls Virgin.com and
7  published the infringing content under the "Unite" subheading, there is no real
8  distinction between defendants for purposes of copyright infringement. Virgin Unite, it
9  appears, operates at the pleasure of Richard Branson and Virgin Enterprises Limited.
10 Its overhead is apparently covered by Sir Branson and its activities, such as publication
11 of the Article, are apparently undertaken by Virgin's staff. If Sir Branson wanted a
12 word in the Article changed, or a picture added or removed, there is little doubt Virgin
13 Unite would comply.
14     19.  On information and belief, given the relationship between Virgin
15 Enterprises Limited and Virgin Unite (aka The Virgin Foundation), defendants, and
16 each of them, knew or should have known that "New York Stock Exchange" is a
17 copyrighted work and that defendants published (and impermissibly altered) without
18 regard to Mr. Foster's rights under copyright law and without regard to the copyright
19 management information presented with and embedded within the work displayed at
20 Flickr.com.
21     20.  On information and belief, the actions alleged herein to have been
22 undertaken by defendants, were undertaken by each defendant individually, were
23 actions that each defendant caused to occur, were actions that each defendant
24 authorized, controlled, directed, or had the ability to authorize, control or direct, and/or
25 were actions in which each defendant assisted, participated, or otherwise encouraged,
26 were undertaken willfully, and are actions for which each defendant is liable. Each
27 defendant aided and abetted the actions of the other defendant, in that each defendant
28 had knowledge of those actions, provided assistance and benefitted from those actions,

in whole or in part. Each of the defendants was the agent of each of the other defendant, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendant.

## FIRST CAUSE OF ACTION

## (Direct Copyright Infringement, 17 U.S.C. § 501)

21. Plaintiff repeats, realleges, and incorporates each allegation of the forgoing paragraphs, as though fully set forth in this cause of action.

22. At all relevant times, plaintiff has owned all applicable right, title, and interest in and to "New York Stock Exchange" (the "Copyrighted Work").

23. Plaintiff has complied in all respects with Title 17 of the United States Code and has applied for and obtained the exclusive rights and privileges in and to the above referenced copyright.

24. Defendants have infringed the Copyrighted Work, by copying, using, altering, and distributing the Copyrighted Work on Virgin.com without consent and in violation of plaintiff's exclusive rights under copyright and the conditions under which the Copyrighted Work is made available for the use and enjoyment of the public.

25. On information and belief, defendants have acted with full knowledge of plaintiff's rights under copyright without regard for the damage caused to plaintiff by defendants' activities.

26. Defendants' use, reproduction, modification, and distribution of the Article has been and without plaintiff's authorization or consent.

27. Defendants' actions demonstrate an intentional, willful, and malicious intent to infringe upon plaintiff's copyright resulting in injury to plaintiff.

28. Defendants have unlawfully and wrongfully derived income and profits from their infringing acts.

29. Plaintiff has no adequate remedy at law. The conduct of defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff.

30. As a result of defendants' wrongful conduct, plaintiff is entitled to statutory damages or damages and profits in an amount to be proven at trial as provided by 17 U.S.C. §504(a)-(c).

31. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

## SECOND CAUSE OF ACTION

### (Copyright Management Information, 17 U.S.C. §1202)

32. Plaintiff repeats, realleges, and incorporates each allegation of the forgoing paragraphs, as though fully set forth in this cause of action.

33. Mr. Foster displays copyright information in connection with the Copyrighted Work displayed on Flickr.com, including his actual name, his Flicker.com username, danielfoster437, the title of the Work, that the Work is copyrighted, and the terms and conditions under which the Work may be copied or used. This and related information constitutes "Copyright Management Information" as defined by 17 U.S.C. §1202(c). Additionally, the Exif metadata associated with the highest resolution version of the Work available from Flickr.com lists plaintiff as the author and copyright holder of the work. This also constitutes "Copyright Management Information."

34. Defendants intentionally removed and/or altered the Copyright Management Information associated with the Copyrighted Work in connection with its use and display on Virgin.com and in the Article.

35. Defendants knew or had reasonable grounds to know that removal of such Copyright Management Information will induce, enable, facilitate, or conceal infringement of the Copyrighted Work.

36. Defendants' removal and/or alteration of Copyright Management Information is and has been without plaintiff's authorization or consent.

37. Plaintiff has been harmed through defendants' removal and/or alteration of Copyright Management Information associated with the Copyrighted Work.

38. As a result of defendants' wrongful conduct, plaintiff is entitled to injunctive relief and statutory damages pursuant to 17 U.S.C. §1203 .

39. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §1203.

## THIRD CAUSE OF ACTION
### (Contributory Copyright Infringement)

40. Plaintiff repeats, realleges, and incorporates each allegation of the forgoing paragraphs, as though fully set forth in this cause of action.

41. At all relevant times, plaintiff has owned all applicable rights, titles, and interests in and to the Copyrighted Work.

42. To the extent defendants use and/or display of plaintiff's the Copyrighted Work does not constitute direct copyright infringement, defendants are liable for contributory copyright infringement. Defendants enabled, induced, facilitated, and materially contributed to infringement through the use and/or display of the Copyrighted Work.

43. Defendants have actual and constructive knowledge that the Copyrighted Work was used and/or displayed without plaintiff's permission. By contracting and/or cooperating to use and/or display such images, defendants, and each of them, are contributing to direct copyright infringement.

44. Acting with this actual and constructive knowledge, defendants, and each of them, enabled, facilitated, and materially contributed to direct copyright infringement.

45. Defendants' acts of contributory infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of plaintiff.

46. As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights under copyright, plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c). Alternatively, at plaintiff's election, pursuant to 17 U.S.C. § 504(b), plaintiffs shall be entitled to actual damages plus defendants' profits from infringement, to be proven at trial.

47. Plaintiff has no adequate remedy at law. The conduct of defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of plaintiff.

48. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

## FOURTH CAUSE OF ACTION

### (Vicarious Copyright Infringement)

49. Plaintiff repeats, realleges, and incorporates each allegation of the forgoing paragraphs, as though fully set forth in this cause of action.

50. At all relevant times, plaintiff has owned all applicable rights, titles, and interest in the Copyrighted Work.

51. Virgin Enterprises Limited and The Virgin Foundation have infringed plaintiff's rights in the registered Copyrighted Work by, *inter alia*, displaying and distributing infringing copies on Virgin.com. Defendants therefore directly infringed plaintiff's exclusive rights under 17 U.S.C. § 106.

52. Defendants are also vicariously liable for the infringing acts of one another. Defendants have both the right and the ability to supervise each other's infringing conduct, and to prevent one another from infringing plaintiff's Copyrighted Work.

53. Virgin Enterprises Limited significantly and directly benefitted from the direct infringement of The Virgin Foundation. The Virgin Foundation significantly and directly benefitted from the direct infringement of Virgin Enterprises Limited.

54. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

55. As a direct and proximate result of defendants' infringement of plaintiff's copyright and exclusive rights under copyright, plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at plaintiff's election, pursuant to 17 U.S.C. § 504(b), plaintiffs shall be entitled to actual damages plus defendants' profits from infringement, to be proven at trial.

56. Plaintiff has no adequate remedy at law. The conduct of defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of plaintiff.

57. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and for injunctive and monetary relief as follows:

1. For a declaration that Virgin Enterprises Limited and The Virgin Foundation have willfully infringed Plaintiff's copyrights both directly and secondarily;
2. For a permanent injunction requiring that defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, Plaintiff's copyright or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created;
3. That plaintiff be awarded damages for defendants' copyright infringement based on: (i) defendants' profits derived from their unlawful infringement of plaintiffs copyrighted works and infringing derivatives thereof; or (ii) statutory damages for each act of willful and non-willful infringement in an amount up to $150,000 and $30,000 per violation, respectively, as set forth in 17 U.S.C. § 504, at plaintiff's election before the entry of a final judgment, together with prejudgment and post-judgment interest;
4. That plaintiff be awarded statutory damages for defendants' alteration and removal of Copyright Management Information under 17 U.S.C. § 1203(c) in an amount of $25,000 per violation of 17 U.S.C. § 1202, together with prejudgment and post-judgment interest;
5. That the Court award plaintiff costs of suit incurred herein, including attorneys' fees, as provided by 17 U.S.C. §§505 and 1202;
6. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

May 29, 2014                                    MEADOR & ENGLE

                                                /s/ Alan E. Engle
                                          Alan E. Engle (SBN 224779)
                                          Attorneys for Plaintiff
                                          Daniel Foster

COMPLAINT FOR COPYRIGHT INFRINGEMENT